UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION
_____

| | |
|---|---|
| JAMMIE ALLEN, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | Case No. 11-CV-2129 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**OPINION**

In May 2011, Petitioner, Jammie Allen, filed several pro se Motions in his criminal case, Case No. 09-CR-20050. On May 19, 2011, this court entered an Order advising Petitioner that his pro se Motions would be construed as a Motion Pursuant to 28 U.S.C. § 2255. This case was therefore opened and Petitioner's Motions were filed as a pro se Motion to Vacate, Set Aside or Correct Sentence (#1). On May 19, 2011, the Government filed a Motion to Dismiss (#3) arguing that Petitioner's Motions sought relief available only under 28 U.S.C. § 2255. The Government argued that the Motions should be dismissed because Petitioner waived his right to file a Motion under § 2255. On May 31, 2011, Petitioner filed a pro se supplement to his Motion under § 2255 (#5). On June 6, 2011, Petitioner filed a pro se Amended Motion to Vacate, Set Aside or Correct Sentence (#6). On July 6, 2011, the Government filed another Motion to Dismiss (#7) arguing that Petitioner's Motions under § 2255 must be dismissed based upon his clear waiver. On July 27, 2011, Petitioner filed a pro se Response to the Motion to Dismiss (#9).

This court has carefully reviewed the arguments of the parties and the record in

Petitioner's criminal case. Following this careful and thorough review, this court agrees with the Government that Petitioner clearly waived his right to bring a collateral attack under 28 U.S.C. § 2255. Therefore, the Government's Motions to Dismiss (#3, #7) are GRANTED and all of Petitioner's Motions (#1, #5, #6) are dismissed.

## FACTS

### PROCEEDINGS IN CRIMINAL CASE

On July 7, 2009, in Case Number 09-CR-20050, Petitioner was charged by indictment with unlawful possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g). On July 13, 2009, John C. Taylor of the Federal Public Defender's Office was appointed to represent Petitioner. On December 10, 2009, Petitioner pled guilty to the charge pursuant to a written plea agreement.

The written plea agreement stated that the parties disagreed regarding whether Petitioner's prior felony escape conviction qualified as a "crime of violence" under the Sentencing Guidelines. The agreement stated:

> If it is a crime of violence, the defendant's base offense level is 20 pursuant to §2K2.1(a)(4)(A) because the defendant committed the instant offense subsequent to sustaining one felony conviction of a crime of violence. If it is not a crime of violence, the defendant's base offense level is 14 pursuant to §2K2.1(a)(6)(A) because the defendant was a prohibited person at the time he committed the offense. The parties understand

> that the Court will resolve this issue at sentencing and that the Court's ruling on this issue, one way or the other, will not be grounds for the defendant to withdraw his plea of guilty or to appeal his conviction and/or sentence."

In addition, the agreement stated that the Government and Petitioner agreed that Petitioner's "offense level should be increased by four levels pursuant to §2K2.1(b)(6) because the defendant possessed the firearm in connection with another felony offense" and that Petitioner's offense level would be decreased by three levels for acceptance of responsibility.

The plea agreement provided that Petitioner knowingly and voluntarily waived his right to appeal and also stated:

> WAIVER OF RIGHT TO COLLATERAL ATTACK
>
> 23. The defendant also understands that he has a right to attack his sentence collaterally on the grounds it was imposed in violation of the Constitution or laws of the United States, he received ineffective assistance from his attorney, this Court was without proper jurisdiction or the sentence was otherwise subject to collateral attack. The defendant understands such an attack is usually brought through a motion pursuant to Title 28, United States Code, Section 2255. The defendant and his attorney have reviewed Section 2255, and the defendant understands the rights that statute gives him. The defendant's

attorney has fully discussed and explained this waiver with the defendant but has made no recommendation to the defendant as to the waiver of a motion under Title 28, United States Code, Section 2255. The defendant specifically acknowledges that the decision to waive the right to challenge any later claim of the ineffectiveness of the defendant's counsel was made by the defendant alone notwithstanding any advice the defendant may or may not have received from the defendant's attorney regarding this right. Regardless of any advice his attorney has given him one way or the other, in exchange for the concessions made by the United States in this Plea Agreement, <u>the defendant hereby knowingly and voluntarily waives his right to challenge any and all issues relating to his plea agreement, conviction and sentence, including any fine or restitution, in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255. The defendant acknowledges and agrees that the effect of this waiver is to completely waive any and all rights and ability to appeal or collaterally attack any issues relating to his conviction and to his sentence</u>. (Emphasis added.)

<u>ACKNOWLEDGEMENT OF VOLUNTARINESS OF WAIVER</u>

>    24. The defendant states that he has not been coerced, threatened, intimidated, or in any other way involuntarily persuaded to waive his rights to appeal or collaterally attack his sentence by his attorney or anyone else. The defendant is waiving those rights because he <u>personally</u> believes it is in his best interest to do so in order to obtain the benefit of the concessions made by the United States in this agreement. The defendant understands the United States is unwilling to make some of those concessions unless he is willing to waive his rights to appeal or collaterally attack his sentence as part of the bargain. The defendant asks the Court to accept this waiver so he can receive the full benefit of this agreement. (Emphasis in original.)

The written plea agreement also contained the following statements:

>    29. Defendant
>
>    I have read this entire Plea Agreement carefully and have discussed it fully with my attorney, John C. Taylor. I fully understand this agreement and accept and agree to it without reservation, including the paragraphs labeled "Waiver of Right to Appeal" and "Waiver of Right to Collateral Attack."
>
>    I am entering into this agreement voluntarily and of my

> own free will in order to gain the benefit of the promises made by the United States. I am pleading guilty because I am in fact guilty, and I agree that the facts stated in this agreement about my criminal conduct are true. No threats, promises, or commitments have been made to me or to anyone else, and no agreements have been reached, express or implied, to influence me to plead guilty other than those stated in the written plea agreement nor am I under the influence of anything that could impede my ability to understand fully this Plea Agreement.
>
> I am satisfied with the legal services provided by my attorney in connection with this case, this Plea Agreement and matters related to it. I further understand that by signing below I am stating I agree with everything stated in this section of the Plea Agreement and I am accepting and entering into this Plea Agreement in [its] entirety.
>
> I hereby reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this Plea Agreement.

Petitioner signed the written plea agreement on December 10, 2009. Following the guilty plea hearing held on December 10, 2009, Magistrate Judge David G. Bernthal found

Petitioner competent to enter the plea and also found that the plea was knowing and voluntary. On December 30, 2009, this court approved Judge Bernthal's Report and Recommendation and accepted Petitioner's plea of guilty.

On June 3, 2010, a sentencing hearing was held. This court adopted the finding in the Presentence Report that Petitioner's prior conviction of escape was a crime of violence. Therefore, under § 2K2.1(a)(4)(A) of the United States Sentencing Guidelines, Petitioner's base offense level was 20 because Petitioner committed his firearms offense after sustaining a felony conviction for a crime of violence. Following this finding, the applicable sentencing guideline range was determined to be 70 to 87 months. This court sentenced Petitioner to a term of 87 months in the Federal Bureau of Prisons.

## PROCEEDINGS UNDER SECTION 2255

As stated previously, Petitioner filed several pro se Motions in May 2011 which were construed as a Motion Pursuant to 28 U.S.C. § 2255 and filed in this case (#1). Petitioner subsequently filed a supplement to the Motion (#5) and an Amended Motion to Vacate, Set Aside or Correct Sentence (#6). Petitioner argued that he was denied the effective assistance of counsel and also challenged his sentence, focusing primarily on this court's ruling that his escape conviction was a crime of violence, leading to his 87 month sentence.

In its Motions to Dismiss (#3, #7), the Government has argued that Petitioner's Motions under § 2255 must be dismissed because of his clear waiver of his right to file a collateral attack under § 2255.

On July 27, 2011, Petitioner filed a Response to the Motions to Dismiss (#9). In his

Response, Petitioner argued at length that, on June 3, 2010, this court, the prosecutor, and his counsel all allowed him to be sentenced to a term of 87 months knowing that this court's decision in a similar case had been reversed by the Seventh Circuit Court of Appeals on May 4, 2010. Petitioner cited the Seventh Circuit's decision in Welch v. United States, 604 F.3d 408 (7th Cir. 2010). This court notes that Petitioner has obviously been misinformed. In Welch, the defendant filed a Motion under § 2255 and challenged this court's finding at sentencing that his conviction for aggravated fleeing or attempting to elude a police officer was a violent felony. Welch, 604 F.3d at 411. This court rejected the defendant's claim and held that "flights to avoid arrest categorically created a serious potential risk of injury to another and were thus violent felonies." Welch, 604 F.3d at 411. The Seventh Circuit affirmed this court's ruling, stating "we hold that the district court correctly considered the defendant's conviction for aggravated vehicular fleeing a violent felony for purposes of the [Armed Career Criminal Act]." Welch, 604 F.3d at 425. The court in Welch did not reverse this court's ruling and Welch provides no support for Petitioner's arguments in this case.

## ANALYSIS

Following careful review of Petitioner's filings and the Government's arguments, this court agrees with the Government that Petitioner has waived his right to file a Motion under § 2255.

The Seventh Circuit has stated that it strictly enforces waivers of the right to challenge a sentence included in the plea agreement. See United States v. Cieslowski, 410 F.3d 353, 364 (7th Cir. 2005); see also United States v. Bownes, 405 F.3d 634, 636 (7th Cir. 2005). In

the Seventh Circuit, a defendant who, as part of a written plea agreement, expressly waives the right to file a § 2255 motion challenging his sentence may only file such a motion if he can demonstrate that the § 2255 waiver was either unknowing or involuntary or the result of the ineffective assistance of counsel. Mason v. United States, 211 F.3d 1065, 1069 (7th Cir. 2000); Jones v. United States, 167 F.3d 1142, 1145 (7th Cir. 1999); Williams v. United States, 2010 WL 1327442, at *4 (C.D. Ill. 2010). "[T]he right to mount a collateral attack pursuant to § 2255 survives only with respect to those discrete claims which relate directly to the negotiation of the waiver." Jones, 167 F.3d at 1145; see also Williams, 2010 WL 1327442, at *4; Reed v. United States, 2005 WL 1528371, at *2 (N.D. Ind. 2005).

In this case, the only argument Petitioner has made regarding the negotiation of the waiver is based on the language in the written plea agreement. The agreement states that Petitioner's "attorney has fully discussed and explained this waiver with the defendant but has made no recommendation to the defendant as to the waiver of a motion under Title 28, United States Code, Section 2255" and that Petitioner "specifically acknowledges that the decision to waive the right to challenge any later claim of the ineffectiveness of the defendant's counsel was made by the defendant alone notwithstanding any advice the defendant may or may not have received from the defendant's attorney regarding this right." Petitioner argues that this shows that his court-appointed counsel "abandoned his client leaving him without a full understanding of all Constitutional and Statutory Right[s] being Waived." Petitioner argues that, even if his counsel explained the waiver, the waiver was unconstitutional because his counsel made him make the decision. This argument

9

demonstrates a misunderstanding of the role of appointed counsel.

It is the role of appointed counsel to give advice and explain the law, but the defendant must personally make important decisions in the case. "Certain constitutional rights are so fundamental that they are deemed personal to a defendant, and he alone may decide whether these rights will be exercised or waived. Included are: the decision whether to plead guilty or proceed to trial; the decision whether to be tried by judge or jury; the decision whether to appeal; and the decision whether to forego the assistance of counsel." United States v. Curtis, 742 F.2d 1070, 1076 (7th Cir. 1984) (citations omitted). This court concludes that Petitioner's decision to plead guilty and accept the waiver of the right to appeal or file a collateral attack was a personal decision he had to make. In the plea agreement, Petitioner stated, "I have read this entire Plea Agreement carefully and have discussed it fully with my attorney, John C. Taylor. I fully understand this agreement and accept and agree to it without reservation, including the paragraphs labeled 'Waiver of Right to Appeal' and 'Waiver of Right to Collateral Attack.'" Petitioner acknowledged that:

> he has not been coerced, threatened, intimidated, or in any other way involuntarily persuaded to waive his rights to appeal or collaterally attack his sentence by his attorney or anyone else. The defendant is waiving those rights because he personally believes it is in his best interest to do so in order to obtain the benefit of the concessions made by the United States in this agreement. The defendant understands the United States is

> unwilling to make some of those concessions unless he is willing to waive his rights to appeal or collaterally attack his sentence as part of the bargain. The defendant asks the Court to accept this waiver so he can receive the full benefit of this agreement. (Emphasis in original.)

Any claim by Petitioner that he did not enter into the plea agreement knowingly, and did not understand the nature and consequences of the plea, is completely belied by the written plea agreement, which was thoroughly discussed during the guilty plea hearing. See Reed, 2005 WL 1528371, at *2-5. Voluntary responses made by a defendant when entering a guilty plea are binding and entitled to a presumption of verity. See United States v. Martinez, 169 F.3d 1049, 1054 (7th Cir. 1999). The record in this case shows that the waiver was explained to Petitioner and Petitioner freely and voluntarily accepted it.

Accordingly, this court concludes that Petitioner's Motion under § 2255 is barred by his waiver. This court notes that the Seventh Circuit has stated that "[w]e have never been reluctant to hold criminal defendants to their promises." Roberts v. United States, 429 F.3d 723, 724 (7th Cir. 2005). Here, as in Roberts, "[t]here is no question that [Petitioner's] waiver encompasses the claims presented in the § 2255 motion." See Roberts, 429 F.3d at 724.

## CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, this court denies a certificate of appealability in this case. "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim,"

which has happened here, a certificate of appealability should issue only when the prisoner shows both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (emphasis added); see also Jimenez v. Quarterman, 555 U.S. 113, 119 n.3 (2009). This court concludes that jurists of reason would not find it debatable whether Petitioner's Motions state a valid claim of the denial of a constitutional right and also concludes that jurists of reason would not find it debatable whether this court correctly found that the Motions are barred by Petitioner's clear waiver included in the written plea agreement.

IT IS THEREFORE ORDERED THAT:

(1) The Government's Motions to Dismiss (#3, #7) are GRANTED. Petitioner's Motions Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (#1, #5, #6) are dismissed.

(2) A Certificate of Appealability is DENIED.

(3) This case is terminated.

ENTERED this 30th day of January, 2012

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE