# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# URBANA DIVISION

_____

| | |
|---|---|
| JAMMIE ALLEN, | ) |
| | ) |
| Petitioner, | ) |
| v. | ) Case No. 11-CV-2129 |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## OPINION

On January 31, 2012, this court entered an Opinion (#10) and dismissed Petitioner's Motions under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (#1, #5, #6). Following careful and thorough review of the record and the arguments of the parties, this court agreed with the Government that Petitioner clearly waived his right to bring a collateral attack under 28 U.S.C. § 2255.

On July 12, 2013, Petitioner filed a pro se document entitled "Motion to Recall the Judgment Pursuant to Writ[s] of Habea[s] Corpu[s] filed under 28 U.S.C. 2255(3)" (#12). Petitioner argued that he was entitled to relief under § 2255 based upon the decision of the United States Supreme Court in Alleyne v. United States, 133 S. Ct. 2151 (2013).

Petitioner's Motion, brought pursuant to § 2255, "is subject to the requirement that second or successive motions under this statute must be authorized by the court of appeals." See United States v. Carraway, 478 F.3d 845, 849 (7th Cir. 2007). Section 2255(h) provides that a "second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals." 28 U.S.C. § 2255(h). Accordingly, a district court has

no jurisdiction to hear a second or successive motion under § 2255 unless the Seventh Circuit Court of Appeals has issued an order authorizing the district court to consider the motion. See 28 U.S.C. § 2244(b)(3)(A); Carraway, 478 F.3d at 849; Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996). "A district court *must* dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for its filing." Nunez, 96 F.3d at 991 (emphasis in original).

In this case, the Seventh Circuit has not authorized the filing of a second or successive motion pursuant to § 2255. Consequently, this court is without jurisdiction to entertain Petitioner's Motion and it must be dismissed. See Nunez, 96 F.3d at 991.

CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, this court denies a certificate of appealability in this case. "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," which has happened here, a certificate of appealability should issue only when the prisoner shows both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (emphasis added). This court concludes that jurists of reason would not find it debatable whether this court correctly found it lacks jurisdiction over Petitioner's Motion because it is a second or successive motion pursuant to § 2255.

IT IS THEREFORE ORDERED THAT:

(1) Petitioner's Motion to Recall the Judgment Pursuant to Writ of Habeas Corpus filed under 28 U.S.C. 2255 (#12) is dismissed because it is a second or successive motion pursuant to § 2255.

(2) A Certificate of Appealability is DENIED.

ENTERED this 26th day of July, 2013

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
U.S. DISTRICT JUDGE